UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN A. STANFIELD,<br><br>               Petitioner,<br><br>   v.<br><br>BOB FERGUSON,<br><br>               Respondent. | CASE NO. 3:20-CV-5663-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 12, 2021 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Kevin A. Stanfield filed his federal habeas Petition on July 7, 2020 pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. *See* Dkt. 1. Currently before the Court is Respondent Robert W. Ferguson's Motion to Dismiss. Dkt. 10. After considering the Motion to Dismiss and the relevant record, the Court concludes Petitioner is not "in custody" pursuant to the conviction he challenges. Therefore, the Court recommends the Motion to Dismiss (Dkt. 10) be granted and the Petition (Dkt. 1) be dismissed.

I. **Background**

On February 23, 2018, a jury found Petitioner guilty of one count of attempting to elude a police vehicle. Dkt. 10, Exhibit 1, 2. On March 9, 2018, Petitioner was sentenced to 60-days of jail time with credit for the 154 days he had served. Dkt. 10, Exhibit 2. Petitione was also ordered to pay restitution in the amount of $24,873.50 for damage to the police vehicle, along with a $500 crime victim assessment and a $100 DNA database fee. Dkt. 10, Exhibit 2. Petitioner challenged his conviction and sentence on direct appeal, which the Court of Appeals of the State of Washington affirmed. Dkt. 10, Exhibit 3. On April 1, 2020, the Washington State Supreme Court denied review of the direct appeal. Dkt. 10, Exhibit 4. The Washington Court of Appeals issued its mandate on July 24, 2020. Dkt. 10, Exhibit 5.

On July 7, 2020, Petitioner initiated this federal action. Dkt. 1. On September 25, 2020, Respondent filed a Motion to Dismiss asserting the Petition should be dismissed because Petitioner is not "in custody" for the purposes of § 2254. Dkt. 10, 11. Petitioner filed his Response to the Motion to Dismiss on October 23, 2020. Dkt. 12.

II. **Discussion**

Respondent maintains the Petition should be dismissed because Petitioner is no longer "in custody" for the 2018 conviction challenged in the Petition. Dkt. 10. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)). A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *Id*. at 490-91. The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v.*

*Belleque,* 554 F.3d 816, 822 (9th Cir. 2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240 (1963)). When the conviction or sentence under attack has fully expired at the time the petition is filed, the petitioner does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 492. Further, a petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Id.* at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The petitioner bears the burden of establishing the Court has subject matter jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

Here, on March 9, 2018, Petitioner was sentenced a total of 60-days of incarceration and restitution, fees, and assessments. Dkt. 10, Exhibit 1, 2. Therefore, if Petitioner served his entire sentence he would have been released from incarceration on or about May 8, 2018. The sentencing court did not impose, nor was it authorized to do so, a term of community custody or other court-ordered supervision to be served following the confinement term. Dkt. 10, Exhibit 2 at 7. *See also* Wash. Rev. Code § 9.94A.702 (Petitioner's conviction of attempting to elude a police vehicle with a 60-day sentence does not qualify for a term of community custody). Petitioner did not file the Petition until July 7, 2020, more than two years after the last possible date he would have been "in custody" for the 2018 state conviction. *See* Dkt. 1.

Petitioner does not dispute his 60-day sentence has expired, but asserts he meets the "in custody" requirement because he has to "pay off a huge sum of money." Dkt. 12 at 1. However, the Ninth Circuit has repeatedly held that "the imposition of a fine, by itself, is not sufficient to meet 2254's jurisdictional requirements." *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) ("[C]ourts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does

not meet the 'in custody' requirement."); *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975) ("We trust that whatever Congress meant by the word 'custody' when it enacted the habeas corpus statute, it did not intend to authorize federal intervention into state judicial proceedings to review a 'fine only' sentence."); *Calihan v. Giurbino*, 2011 WL 3843922, at *1 (N.D. Cal. Aug. 30, 2011) (dismissing habeas petition which challenged a restitution fine). As Petitioner has not shown he was serving a sentence as a result of the 2018 state conviction on the date he filed the Petition, Petitioner does not meet the "in custody" requirement. Thus, the Court lacks jurisdiction over this case and the Court recommends the Petition be dismissed.

### III.   Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing record.

### IV.   Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

(COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of the Petition or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

V. **Conclusion**

For the above stated reasons, the Court recommends the Motion to Dismiss (Dkt. 10) be granted and the Petition (Dkt. 1) be dismissed. No evidentiary hearing is necessary and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on January 12, 2021, as noted in the caption.

Dated this 4th day of December, 2020.

David W. Christel
United States Magistrate Judge